IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DALLAS JEROME PIERCE, # 277549, )
)
Petitioner, )
)
v. ) Civil Action No. 2:15cv353-WKW
) (WO)
WILLIE THOMAS, *et al.*, )
)
Respondents. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 (Doc. No. 1)[1] filed by Alabama inmate Dallas Jerome Pierce ("Pierce") on

May 15, 2015.[2] Pierce challenges his 2011 conviction for felony murder in the Elmore

County Circuit Court. He presents claims of ineffective assistance of trial counsel. Doc.

No. 1 at 6; Doc. No. 1-1 at 18–29. The respondents argue that Pierce's petition is time-

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Citations to exhibits ("Resp'ts Ex.") are to exhibits included with the respondents' answer, Doc. No. 10. Page references are to those assigned by CM/ECF.

[2] Although the petition was stamped as received in this court on May 22, 2015, it was signed by Pierce on May 15, 2015. Doc. No. 1 at 8. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Pierce] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

barred by the one-year federal limitation period applicable to § 2254 petitions.  Doc. No.

10.  The court agrees and finds the petition should be denied without an evidentiary hearing.

## II.  DISCUSSION

### A.  *AEDPA's One-Year Limitation Period*

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B.  *State Court Proceedings*

On January 12, 2011, Pierce pleaded guilty in the Elmore County Circuit Court to the offense of felony murder. *See* Resp'ts. Ex. 1 at 16; Resp'ts. Ex. 2 at 5. On April 6, 2011, the trial court sentenced Pierce to life in prison. Pierce took no direct appeal.

On January 9, 2014, Pierce filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *See* Resp'ts Ex 1 at 22. Pierce presented claims of ineffective assistance of counsel and alleged that his guilty plea was involuntary, his confession was the product of coercion, and his sentence exceeded the authorized statutory maximum. *Id.* at 16–39. On April 23, 2014, the trial court entered an order denying the Rule 32 petition. *Id.* at 48. On August 4, 2014, the trial court entered a second order denying the Rule 32 petition. *Id.* at 81. Pierce appealed after the trial court entered its second order, and on April 3, 2015, the Alabama Court of Criminal Appeals dismissed the appeal, finding that the trial court lost jurisdiction in the Rule 32 proceedings 30 days after it entered its April 23, 2014, order denying the petition, and therefore Pierce's appeal was untimely. Resp'ts. Ex. 6 at 4–6. Pierce filed a motion for extension of time to file a petition for writ of certiorari in the Alabama Supreme Court, which was denied. Resp'ts Exs. 7 and 8. The Alabama Court of Criminal Appeals issued a certificate of judgment on April 22, 2015. Resp'ts. Ex. 9.

### C. *Application of 28 U.S.C. § 2244(d)*

Because Pierce filed no direct appeal, his conviction became final in state court on May 18, 2011—42 days after his April 6, 2011, sentencing. When a state prisoner pursues no direct appeal, his conviction is final under 28 U.S.C. § 2244(d)(1)(A) when the time lapses under state law to have filed a timely appeal, which in Alabama is 42 days. *McCloud*

*v.. Hooks*, 560 F.3d 1223, 1228 (11th Cir. 2009); *see* Ala.R.App.P. 4(b)(1).  As such, the one-year federal limitation period commenced for Pierce on May 18, 2011.  Absent statutory or equitable tolling, Pierce had until May 18, 2012, to file a § 2254 petition considered timely.  The record reflects that the limitation period ran unabated for a full year before expiring on May 18, 2012.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."  28 U.S.C. § 2244(d)(2); *McCloud v. Hooks,* 560 F.3d 1223, 1227 (11th Cir. 2009).  Pierce filed his state Rule 32 petition on January 9, 2014.  The Rule 32 proceedings in state court had no tolling effect on the federal limitation period § 2244(d)(2), because Pierce filed the Rule 32 petition well after the federal limitation period had expired.  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (Rule 32 petition cannot toll the one year limitations period under 28 U.S.C. § 2244(d)(2) if that period has expired prior to filing the Rule 32 petition).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Pierce such that the AEDPA's limitation period commenced on some date later than May 18, 2011.  There is no evidence that any unconstitutional or illegal State action impeded Pierce from filing a timely § 2254 petition.  *See* 28 U.S.C. § 2244(d)(1)(B).  Pierce presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).  Finally, Pierce submits no grounds for relief for which the factual

predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

Pierce filed his § 2254 petition on May 15, 2015—almost three years after expiration of the federal limitation period.

## D. Equitable Tolling

The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). As the Supreme Court has reaffirmed, a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Secretary Dept. of Corr.*, 161 F. App'x 902, 903 (11th Cir. 2006). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

In an order entered on July 16, 2105 (Doc. No. 11), this court afforded Pierce an opportunity to show cause why his petition should not be denied as time-barred. In his response to that order, Pierce cursorily suggests he is entitled to equitable tolling because "of the conditions of his confinement and the harsh reality of the prison system." Doc. No. 14 at 2. He does not elaborate. His vague assertions are insufficient to establish that some

extraordinary circumstance stood in the way of his filing a timely § 2254 petition or that he pursued his rights diligently—requirements for equitable tolling. *Holland*, 560 U.S. at 649. Therefore, he is not entitled to equitable tolling in his case.

Because Pierce filed this § 2254 petition almost three years after expiration of the AEDPA's one-year limitation period, his petition is time-barred under § 2244(d) and his claims are not subject to further review.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before May 17, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-

1.  *See Stein v. Lanning Sec., Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 3rd day of May, 2017.


    /s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE